AB:EAG/CMP
F.#2008R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO SEEK THE DEATH PENALTY |
| - against - | Cr. No. 08-240 (S-6)(BMC) |
| JOEL CACACE, also known as "Joe Waverly," | |
| Defendant. | |

- - - - - - - - - - - - - - - - X

      Pursuant to the authorization of the Attorney General and the requirements of 18 U.S.C. § 3593(a), the United States hereby gives notice that it believes that the circumstances of this case are such that, in the event that the defendant JOEL CACACE, also known as "Joe Waverly," is convicted of Count Three of the above-captioned Superseding Indictment, which charges the murder in-aid-of racketeering of Ralph Dols, in violation of 18 U.S.C. § 1959(a)(1), a capital offense (the "offense"), a sentence of death is justified, and the United States will seek the sentence of death.

      A.   Statutory Threshold Findings
            Under 18 U.S.C. § 3591(a)(2)

      Pursuant to 18 U.S.C. § 3591(a)(2), the United States will rely on the following threshold findings to establish the defendant's eligibility for the death penalty:

1. <u>Defendant's Age</u>

The defendant JOEL CACACE, also known as "Joe Waverly," was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a).

2. <u>Intentional Acts to Take Life</u>

The defendant JOEL CACACE, also known as "Joe Waverly," intentionally participated in one or more acts, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Ralph Dols died as a direct result of such acts. 18 U.S.C. § 3591(a)(2)(C).

3. <u>Intentional Acts of Violence Creating Grave Risk of Death</u>

The defendant JOEL CACACE, also known as "Joe Waverly," intentionally and specifically engaged in one or more acts of violence, knowing that such acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such acts constituted a reckless disregard for human life, and Ralph Dols died as a direct result of such acts. 18 U.S.C. § 3591(a)(2)(D).

      B.    Statutory Aggravating Factors
           Under 18 U.S.C. § 3592(c)

Pursuant to 18 U.S.C. § 3592(c), the United States will rely on the following statutory aggravating factors as justifying a sentence of death:

      1.    Previous Conviction of Violent
           Felony Involving Firearm

The defendant JOEL CACACE, also known as "Joe Waverly," has previously been convicted of a Federal offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of one or more firearms, as defined in 18 U.S.C. § 921, against other persons, to wit: racketeering, including as predicate racketeering acts the murder of George Aronwald on or about March 20, 1987, and the conspiracy to murder Carmine Variale on or about and between June 13, 1987 and September 3, 1987, in violation of 18 U.S.C. § 1962(c). 18 U.S.C. § 3592(c)(2).

      2.    Substantial Planning and Premeditation

The defendant JOEL CACACE, also known as "Joe Waverly," committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

      C.    Non-Statutory, Aggravating Factors Under 18 U.S.C. §§ 3593(a)(2) and 3592(c)

         1.    Future Dangerousness of the Defendant

The defendant JOEL CACACE, also known as "Joe Waverly," represents a continuing danger to the lives and safety of other persons. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

         (a)    Membership in an Organized Criminal Enterprise

The defendant JOEL CACACE, also known as "Joe Waverly," has demonstrated a sworn allegiance to, active membership in and leadership of the Colombo organized crime family of La Cosa Nostra, a criminal racketeering enterprise as defined in 18 U.S.C. § 1961.

         (b)    Continuing Pattern of Violence

The defendant JOEL CACACE, also known as "Joe Waverly," has engaged in a continuing pattern of violence, attempted violence and threatened violence, including the offense and other murders, attempted murders, murder conspiracies and extortions.

         (c)    Low Rehabilitative Potential

The defendant JOEL CACACE, also known as "Joe Waverly," has demonstrated a low potential for rehabilitation as evidenced

4

by his longstanding involvement in violent criminal activities leading up to, and following, the commission of the offense.

       2.   <u>Murder of a Law Enforcement Officer</u>

The defendant JOEL CACACE, also known as "Joe Waverly," intentionally committed the offense against a law enforcement officer, specifically, Ralph Dols, a New York City Police Department officer.

       3.   <u>Participation in Additional Uncharged Homicides and Other Serious Crimes of Violence</u>

The defendant JOEL CACACE, also known as "Joe Waverly," has participated in additional uncharged murders, including the murders of William Aronwald, Carmine Variale and Frank Santora, attempted murders, murder conspiracies and other serious crimes of violence.

       4.   <u>Lack of Remorse</u>

The defendant JOEL CACACE, also known as "Joe Waverly," has demonstrated a lack of remorse for the offense, as indicated by his statements and actions during the course of, and following, the offense.

       5.   <u>Victim Impact Evidence</u>

As reflected by the victim's personal characteristics as a human being and the impact of the offense on the victim and the victim's family, friends and co-workers, the defendant caused loss, injury and harm to the victim and the victim's family,

friends and co-workers, see Payne v. Tennessee, 501 U.S. 808, 825-27 (1991), including, but not limited to, the following:

(a) <u>Characteristics of Victim</u>

The defendant caused the death of Ralph Dols, a 28-year-old Police Officer of the New York City Police Department, who enjoyed a strong relationship with his family, friends and co-workers.

(b) <u>Impact of the Offense on the Family of the Victim</u>

The victim's family has suffered severe and irreparable harm.

(c) <u>Impact of the Offense on the Employer and Co-workers of the Victim</u>

The victim's employer, the New York City Police Department, and the victim's friends and co-workers within the New York City Police Department have suffered substantial and irreparable harm.

The Government further gives notice that, in support of imposition of the death penalty on the offense, it intends to rely on all the evidence admitted by the Court at the guilt phase of the trial and on the offense of conviction, as they relate to

the background and character of the defendant, his moral culpability and the nature and circumstances of the offense.

Dated:	April 11, 2011
	Brooklyn, New York

							Respectfully submitted,

							_____
							LORETTA E. LYNCH
							UNITED STATES ATTORNEY
							EASTERN DISTRICT OF NEW YORK