*Law Office of*
*Susan G. Kellman*
*25 Eighth Avenue*
*Brooklyn, New York 11217*

*Telephone: (718) 783-8200*　　　　　　　　　　　　　　　*Fellow, American College*
*Telefax: (718) 782-8226*　　　　　　　　　　　　　　　　*Of Trial Lawyers*

e-mail: *kellmanesq@aol.com*

September 26, 2011

**Via ECF and Regular Mail**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　　　　　　　Re:　**United States v. Joel Cacace**
　　　　　　　　　　　　　　　**(S-4) 08 Cr. 240 (BMC)**

Dear Judge Cogan:

　　　　Together with David M. Stern, Esq., counsel represent the defendant Joel Cacace in the above-referenced matter.

　　　　As Mr. Stern and I have observed *via* the cross hairs of litigation correspondence, and particularly Mr. Braverman's letter of September 12, 2011, the extent of the 3500 material related to the trial of the Gioeli/Saracino matter seems extraordinary.  Since defense attorneys for Mr. Saracino and Mr. Gioeli and their clients have, we assume, the lion's share of these materials at this point in time, it is hard to imagine that there would be any prejudice whatsoever if the government were to provide these same materials to myself and Mr. Stern so that we, too, can begin the massive undertaking of reviewing, cataloguing and synthesizing decades of past trial transcripts and audio/video surveillance.

　　　　The standard argument asserted by Government counsel against early disclosure of 3500 material, to wit, the protection of cooperating witnesses, clearly poses no obstacle in the instant case, since the names of most, if not all, of the government's cooperators are mentioned in the many letters being exchanged among the parties to the Saracino/Gioeli matter.  All of these letters have been served on Mr. Stern and myself and have also been filed with ECF.

We understand that there is a Protective Order in place and would, of course, conduct ourselves in accordance therewith.

We had hoped that the Government would make these material available to counsel for Mr. Cacace without the need to involve the Court; however, our direct request to government counsel has been ignored. With the potential for a death sentence hanging over our client's head, we are doing that we can to prepare for the trial of this matter as expeditiously as possible.

The Court's consideration of this request is appreciated.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman

cc: James Gatta, Esq.
Asst. United States Attorney

Elizabeth Geddis, Esq.
Asst. United States Attorney

David M. Stern, Esq.

All Defense Counsel