

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

EAG:CMP
F.#2008R00530

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

October 3, 2011

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Joel Cacace
      <u>Criminal Docket No. 08-240 (S-7)(BMC)</u>

Dear Judge Cogan:

   In anticipation of the status conference scheduled in the above-referenced matter for October 4, 2011, the government respectfully submits this letter in opposition to the defendant Joel Cacace's "Motion for Disclosure of 3500 Material," filed on September 26, 2011 (ECF Docket No. 1273) (the "Motion" or "Mot.").

   In the Motion, Cacace seeks the disclosure of "3500 material" (Mot. 1), presumably in reference to the materials that the government voluntarily produced to the defendants Thomas Gioeli and Dino Saracino in advance of their upcoming trial, pursuant to 18 U.S.C. § 3500. Cacace, however, is only entitled to the 3500 material that is relevant to <u>his</u> trial, which – at the request of all three defendants – was severed from that of Gioeli and Saracino. Cacace's trial is tentatively scheduled for September 2012, and the government has not decided which witnesses it intends to call. Without knowing which witnesses will testify, there can be no production of 3500 materials. Cacace's request is thus premature and should be denied for that reason alone.

   In addition, Cacace's contention that "the protection of cooperating witnesses clearly poses no obstacle in the instant case" (Mot. 1) simply because their names have been publicly

disclosed is without merit.  There is a meaningful difference between knowing the identities of cooperating witnesses and knowing the specific subject matter of their testimony, which would enable the defendant to identify which witnesses pose the greatest threat to him.  This is especially so with a defendant as dangerous as Cacace, who is currently facing trial for killing a New York City police officer, and has pled guilty and been convicted of killing a judge (George Aronwald) in an effort to kill a former organized crime prosecutor (William Aronwald) in 1986.  There are simply no legal or equitable grounds for providing Cacace – who is facing the death penalty and thus has the greatest possible motive to intimidate and/or kill witnesses – with the detailed statements of individuals who may or may not testify against him, a year in advance of his tentatively scheduled trial.  Indeed, Cacace does not cite a single statute or case in support of his motion for such extraordinarily early disclosure of 3500 material.[1]

       For these reasons, the government respectfully submits that Cacace's motion should be denied.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                              By:  /s/ Cristina M. Posa
                                        Elizabeth A. Geddes
                                        Cristina M. Posa
                                        Allon Lifshitz
                                        Assistant U.S. Attorneys

cc:  All Counsel (by ECF)

---

[1] Notwithstanding the government's opposition the Motion, the government agrees to the early voluntary disclosure to Cacace of the recordings relating to Sal Vitale and James Tartaglione, which were Gioeli's and Saracino's stated reason for seeking the most recent adjournment of their trial.  The production of such material, however, is merely a courtesy and does not in any way signify that these two witnesses necessarily will testify at Cacace's trial.