

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:EAG/AL
F.#2008R00530

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

August 13, 2012

<u>By Hand Delivery & ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Joel Cacace</u>
             <u>Criminal Docket No. 08-0240 (S-7) (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in response to the defendant Joel Cacace's July 26, 2012 letter motion for a detailed proffer as to the anticipated testimony of Joseph Massino against the defendant in the above-referenced case. (<u>See</u> Ltr. of Jane Simkin Smith, Esq., to the Court, dated July 26, 2012 (ECF Docket Entry No. 1613) ("Def. Mot.")). The government provides the requested proffer herein and requests an opportunity to file a supplemental letter should Cacace subsequently move – as he suggests he might – to preclude Massino from testifying as a witness against Cacace.

I.   <u>Background</u>

      Following the indictment of Cacace for the murder of Ralph Dols in aid of racketeering, the government learned that Joseph Massino, a high-ranking member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family") had met with Cacace on various occasions. (Details of some of those meetings are set forth in the material that has been provided to Cacace pursuant to 18 U.S.C. § 3500. <u>See</u> 3500-JM-180.) Most notably, in the late 90s, Massino, who at the time was the boss of the Bonanno family, met Cacace as the "consigliere" for the Colombo family; also in attendance at that meeting was Thomas Gioeli, a former co-defendant and a co-conspirator in the Dols murder. On or about January 27, 2009, Massino also advised that in the 2000s, he was incarcerated with Cacace at the Metropolitan

Detention Center in Brooklyn, New York ("Brooklyn MDC") and that while Cacace and Massino were jointly incarcerated at the Brooklyn MDC, Cacace commented to Massino that the government had offered Cacace a plea agreement requiring him to serve 30 years' incarceration. As part of that conversation, Massino mentioned to Cacace that there was a rumor circulating that he (Cacace) had been responsible for the murder of Dols, in response to which Cacace smiled. (The undersigned prosecutor spoke with Massino over the telephone on Friday, August 10, 2012, and during that conversation, Massino did not immediately recall a conversation with Cacace about the Dols murder.)

II. Discussion

The government should not be precluded from calling Joseph Massino as a witness against Cacace in the above-referenced case due to the potential conflict presented by attorney David Stern's prior representation of Massino. Significantly, as Cacace references in his July 26, 2012 motion, the government advised Cacace of potential conflicts presented by attorney Susan Kellman's prior representation of members of the Colombo family and made clear that it could not foresee every conflict. See ECF Docket Entry No. 314. The government did not file a similar letter regarding attorney David Stern only because the assigned prosecutors were not aware of Mr. Stern's prior representation of Massino until Cacace filed the July 26, 2012 motion.[1] Cacace's claim in the opening paragraph of his July 26, 2012 letter motion that the government is "attempting to manufacture a conflict in order to derail the defense" is thus wholly without support.

Cacace cites one case, United States v. Lech, 895 F. Supp. 586 (S.D.N.Y. 1995), in support of his suggestion that the Court should bar the government from eliciting Massino's testimony. In Lech, the district court acknowledged that such a

---

[1] In December 2003, Mr. Stern was appointed as learned counsel for Joseph Massino in connection with the charges in United States v. Massino, Criminal Docket Nos. 02-307 and 03-929 (NGG). Judge Garaufis severed the charges in Criminal Docket No. 02-307 that were eligible for the death penalty and joined them with the charges in Criminal Docket No. 03-929. Massino proceeded to trial as to the remaining charges in Criminal Docket No. 02-307, but Mr. Stern did not represent Massino at trial. Following that trial, Massino ultimately agreed to cooperate with the government and resolved the remaining charges by pleading guilty. Mr. Stern did not represent Massino in connection with his attempts at cooperation.

bar could be warranted, but declined to do so in that case.  In an apparent attempt to differentiate the circumstances of Lech from those here, Cacace summarily writes that the "situation created by the government's recent disclosures here appears far more acute than the situation in Lech."  (Def. Mot. at 2).  He is wrong.

      The government respectfully submits that the Court should reiterate to Cacace his right to conflict free representation.[2]  The government will also advise current counsel for Massino that counsel for Cacace would like to meet with Massino to determine, inter alia, whether Massino will waive various privileges.

                                   Respectfully submitted,

                                   LORETTA E. LYNCH
                                   United States Attorney

                  By:         /s/
                                   Elizabeth A. Geddes
                                   Allon Lifshitz
                                   Assistant U.S. Attorneys
                                   (718)254-6430/6164

cc:  Susan Kellman, Esq. (via ECF)
     David Stern, Esq. (via ECF)
     Jane Simkin Smith, Esq. (via ECF)

---

[2]    Currently, Cacace has three attorneys, Susan Kellman, Esq., Jane Simkin Smith, Esq. and David Stern, Esq.  His trial is not scheduled to begin until January 2013 at the earliest.