July 1, 2013

U.S. District Judge Brian Cogan
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY

Dear Judge Cogan:

We are members of the Eastern District press corps, covering the case of U.S. v. Gioeli, 08CR240. We recently requested access to unredacted copies of letters filed with the defendant's sentencing memorandum. (Docket 1769). We write with regard to your recent ruling on that request (Docket 1790) and defense counsel's Motion for Reconsideration (Docket 1795).

1. You ruled that the public should have access to the sentencing letters, including the names of the authors, with redaction of certain information. In his Motion for Reconsideration, defense counsel Adam Perlmutter has asked for leave to revise his sentencing memorandum and eliminate many of the letters he has submitted. Apparently, he wishes to remove letters from non-family members whose names would be revealed under your ruling.

We object to this "do-over" request. The memorandum and letters were officially filed many weeks ago with the clerk's office. They have been available for review in unredacted form to both the court and the prosecution, offered to persuade. To retroactively try to tamper with or sanitize a submitted court record would be highly inappropriate.

We originally argued that keeping secret the names of people who communicated with the court in an effort to influence a sentence would erode confidence in the judicial process. To conclude that the names should be public but allow already submitted letters to be withdrawn to keep the public from knowing the names of people who had already communicated with the court would create an even worse appearance.

2. We would urge the court to reconsider its ruling that approves the redaction of the letter writers' "place of employment or membership in organizations." This could allow the redaction of information ranging from "I am the governor of New York," or "I am the chief of police" to "I am the principal of your child's school."

First, employment and associational information lets a judge know with some precision who is writing. To let the public know only a name stripped of all further identification – including address and employment – leaves the actual identity impossible to determine, because many people have the same name.

Second, information on a writer's employment or membership is usually volunteered for its perceived persuasive effect on the judge. It is precisely the effort at persuasion that needs to

be transparent and visible to the public, which needs to be in as good a position as the judge to evaluate the sentence.

We do not object to the redaction, under your order, of address information and medical information. Address information is not relevant to sentencing, and medical information is uniquely private. But employment and associational information is volunteered precisely because the writer intends it to be relevant, and does not fall into the special privacy category of medical information.

We would urge that you reconsider whether public right of access outweighs any limited privacy interest an individual has in employment information he or she has offered to a federal judge for no apparent reason other than the belief that it will cause the judge to take the letter writer more seriously.

Thank you.

Yours truly,

[signature]
NEWSDAY
516 458 2393

[signature]
JOHN MARZULLI
DAILY NEWS
jmarzulli@nydailynews.com